UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANCEL ZAGAL-ALCARAZ,

                Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

Case No. C20-688-JLR-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner is proceeding *pro se* in this 28 U.S.C. § 2241 immigration habeas action. Currently before the Court is: (1) the Government's motion to dismiss this action as moot because Petitioner has been removed (Mot. to Dismiss (dkt. # 8)), which Petitioner opposes (1st Resp. (dkt. # 11); 2d Resp. (dkt. # 12)); (2) Petitioner's two motions to appoint counsel (1st Counsel Mot. (dkt. # 10); 2d Counsel Mot. (dkt. # 13)); and (3) Petitioner's motion for pro bono mediation (Mediation Mot. (dkt. # 14)). Having carefully considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the Government's motion to dismiss as moot be GRANTED, the remaining motions be DENIED as moot, and this action be DISMISSED without prejudice.

## II.   BACKGROUND

Petitioner signed his application to proceed *in forma pauperis* ("IFP") and habeas petition on April 20, 2020.[1] (*See* IFP App. (Dkt. # 1); Pet. (Dkt. # 5) at 6.) In his habeas petition, Petitioner seeks a stay of removal pending the Board of Immigration Appeals' ("BIA") adjudication of his motion to reopen his removal proceedings, release from immigration detention or a bond hearing, and relief related to his removal proceedings. (*See* Pet. at 1-2; Supp. Br. (Dkt. # 5-1) at 4.) On April 28, 2020, U.S. Immigration and Customs Enforcement ("ICE") removed Petitioner to Mexico pursuant to a final order of removal. (Dkt. # 8-1.)

On May 1, 2020, the Court received Petitioner's application to proceed *in forma pauperis* and proposed habeas petition. (IFP App. at 1.) On May 7, 2020, the Clerk of Court sent Petitioner a letter informing him that his IFP application was deficient. (Dkt. # 3.) On May 15, 2020, the Clerk's letter was returned undelivered. (Dkt. # 4.) On May 27, 2020, however, the Clerk received Petitioner's $5.00 filing fee and accordingly filed his habeas petition. (*See* Pet.)

On June 2, 2020, the Government moved to dismiss this action as moot because Petitioner had been removed. (*See generally* Mot. to Dismiss.) On June 12, 2020, the Clerk's office received a telephone call from Petitioner asking whether the Court had received the documents he had mailed from Mexico. (*See* 6/12/2020 Notice.) Later that day, the Court

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988), a document may be construed as filed on the date it was submitted to prison authorities for mailing. *See Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) ("prison mailbox rule" applies to prisoners filing habeas petitions in both federal and state courts). Because the record does not indicate the date Petitioner delivered his documents to detention center authorities, the Court will liberally construe his Petition as filed on the date he signed it.

1    received Petitioner's notice of change of address (dkt. # 9), Petitioner's first motion to appoint

2    counsel (1st Counsel Mot.), and a letter to the Court (1st Resp.).[2]

3            In his motion to appoint counsel, Petitioner argues that he is financially eligible and the

4    U.S. District Court for the District of Oregon appointed counsel to represent him in the habeas

5    petition he filed there, *see Zagal-Alcaraz v. ICE Field Office Director*, No. 19-1358, 2020 WL

6    1862254 (D. Or. Mar. 25, 2020), *R. & R. adopted*, 2020 WL 1855189 (D. Or. Apr. 13, 2020)

7    (ordering bond hearing within 30 days to remedy prolonged mandatory detention). (1st Counsel

8    Mot. at 2.) With respect to the merits, he argues that the Oregon District Court found errors of

9    fact and law. (*Id.*)

10            In his letter, Petitioner states that a deportation officer told him if he did not sign his

11    removal paperwork, he would be put in a room where ICE officers would beat him up and force

12    him to sign. (1st Resp. at 1.) Petitioner states the he signed his removal paperwork "because in a

13    habeas corpus civil case, I must always cooperate with the Government." (*Id.* at 2.) Petitioner

14    further states that he cannot litigate this action or his motion to reopen from Mexico because he

15    has no access to legal resources there. (*Id.*) He asserts that he is the only competent parent who

16    can support his U.S. citizen daughters, one of whom is in the foster system. (*Id.*) He contends

17    that he was denied immigration relief based on a conviction for which he was never sentenced.

18    (*Id.* at 3.) He states that he believes this Court has the power to correct the immigration judge's

19    ("IJ") and BIA's errors. (*Id.*)

20            On June 25, 2020, Petitioner filed a response to the Government's motion to dismiss. (2d

21    Resp.) In addition to reiterating arguments he raised in his letter, Petitioner states that he brought

22    this action to challenge the lawfulness of his removal proceedings, not his detention. (*See id.* at

23

---

[2] Although the letter is docketed as a response to the Government's motion to dismiss, Petitioner had not received a copy of the Government's motion at the time he sent the letter. (*See* 1st Resp. at 2.)

1-2.) Petitioner asserts that this action is not moot because the IJ, the BIA, and the Ninth Circuit

erred in ordering him removed. (*Id.* at 2.) Petitioner also argues that his immigration counsel

provided ineffective assistance when she failed to notify him that his U-visa application had been

denied until it was too late to appeal. (*Id.* at 3.) Petitioner further contends that his case is not

moot because he has presented changed, extraordinary circumstances, namely his child's

disabilities and major illness. (*Id.*) Petitioner indicates that he raised this issue before the BIA

and Ninth Circuit. (*Id.* at 3-4.) Finally, Petitioner raises a number of additional issues that

challenge his removal order and the denial of various forms of relief from removal. (*See id.* at

5-14.)

On August 6, 2020, the Court received three additional documents from Petitioner: (1) a

second motion to appoint counsel, which reiterates the arguments in his first motion to appoint

counsel and adds that he does not have the resources to litigate his case from Mexico (2d

Counsel Mot. at 1-2); (2) a motion requesting pro bono mediation because his U.S. citizen

children are suffering extreme hardship in his absence (Mediation Mot.); and (3) a letter to the

Court asking for a stay of removal and reiterating many of the arguments previously raised. (*See*

Dkt. # 15.)

## III.    DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual,

ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas

petition to continue to present a live controversy after the petitioner's release or deportation . . .

there must be some remaining 'collateral consequence' that may be redressed by success on the

petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Petitioner asserts that the

following are collateral consequences: (1) the immigration courts and Ninth Circuit erred in

1    ordering him removed and denying his requests for relief from removal; (2) he received

2    ineffective assistance of counsel in regards to his U-visa application; and (3) his daughter's

3    disability and illness present changed, extraordinary circumstances.

4         Having carefully considered Petitioner's arguments, the Court concludes that he fails to

5    raise any collateral consequence that may be redressed by success on the petition. First, contrary

6    to Petitioner's understanding, this Court does not have jurisdiction over his challenge to his

7    removal order. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court

8    of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal");

9    8 U.S.C. § 1252(b)(9) ("[j]udicial review of all questions of law and fact . . . arising from any

10   action taken or proceeding brought to remove [a noncitizen] from the United States" is only

11   available upon review of a final removal order). This includes claims that do not directly

12   challenge the removal order but are nonetheless intertwined with the merits of the decision. *See*

13   *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011). Thus, the Court cannot review any error

14   Petitioner asserts with respect to the IJ's, the BIA's, or the Ninth Circuit's rulings regarding his

15   removal or applications for relief from removal.

16        Second, the Court is not aware of any authority that provides it with habeas jurisdiction to

17   consider Petitioner's ineffective assistance of counsel claim related to his U-visa application. He

18   claims that his attorney did not provide him with notice that his U-visa application had been

19   denied until it was too late for him to appeal. Petitioner cites *Avagyan v. Holder*, 646 F.3d 672

20   (9th Cir. 2011), which held, "If the ineffective assistance of [a noncitizen's] counsel prevents

21   him from timely filing a motion to reopen, counsel has prevented the [noncitizen] from

22   reasonably presenting his case and denied him due process." *Id.* at 677. *Avagyan*, however, is

23   readily distinguishable because it involved a petition for review of the BIA's denial of the

petitioner's motion to reopen removal proceedings, not an allegation of ineffective assistance of counsel in connection with a U-visa appeal or a habeas petition. *See id.* at 674.

Furthermore, even if the Court does have jurisdiction, Petitioner fails to establish a violation of his constitutional rights. "Ineffective assistance of counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case." *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050 (9th Cir. 2008) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)). However, "due process rights to assistance of counsel do not extend beyond the fairness of the hearing itself." *Id.* Thus, "the Fifth Amendment simply does not apply to the preparation and filing of a petition that does not relate to the fundamental fairness of an ongoing proceeding." *Id.* at 1051. In *Balam-Chuc*, the Ninth Circuit held that the petitioner did not raise a constitutional violation where his counsel failed to timely file a visa petition. *See id.* at 1050-51. Similarly, in this case, Petitioner asserts that counsel prevented him from timely appealing the denial of his U-visa application. Thus, under *Balam-Chuc*, Petitioner fails to state a due process claim related to the alleged errors by his counsel.

Finally, Petitioner asserts that the extraordinary circumstances caused by his daughter's disability and illness amount to a collateral consequence. Petitioner states that he raised this claim before the BIA and the Ninth Circuit in his petition for review. (2d Resp. at 3-4.) As explained above, "Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove [a noncitizen] from the United States" is only available upon review of a final removal order. 8 U.S.C. § 1252(b)(9). Based on Petitioner's statements, he received such review. This Court does not have jurisdiction to consider the issue further. *See id.*

In sum, the Court cannot provide Petitioner effective relief on any of the alleged "collateral consequences." Accordingly, the Court recommends finding that the instant habeas petition is now moot.

## IV.     CONCLUSION

The Court recommends that the Government's motion to dismiss as moot (dkt. # 8) be GRANTED, the remaining motions (dkt. ## 10, 13, 14) be DENIED as moot, and this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on October 2, 2020.

Dated this 9th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7